1  JEFFREY S. BUCHOLTZ
   Acting Assistant Attorney General
2  GEORGE S. CARDONA
   Acting United States Attorney
3  SUSAN K. RUDY
   Assistant Branch Director
4  VESPER MEI(District of Columbia Bar)
   WENDY M. ERTMER
5  JAMES C. LUH
   Trial Attorneys
6  United States Department of Justice
   Civil Division
7  Federal Programs Branch
   P.O. Box 883 – Rm 7316
8  Washington, DC 20044
   Telephone:  (202) 514-4686
9  Facsimile:  (202) 616-8470
   vesper.mei@usdoj.gov
10
   Attorneys for Federal Defendants
11 National Aeronautics and Space
   Administration; Michael Griffin,
12 Director of NASA; Department of
   Commerce; Carlos M. Gutierrez,
13 Secretary of Commerce

14              UNITED STATES DISTRICT COURT

15          FOR THE CENTRAL DISTRICT OF CALIFORNIA

16                    WESTERN DIVISION

17 Robert M. Nelson, William       )
   Bruce Banerdt, Julia Bell,      )   Case No. CV-07-05669 ODW(VBKx)
18 Josette Bellan, Dennis V.       )
   Byrnes, George Carlisle, Kent   )
19 Robert Crossin, Larry R.        )
   D'Addario, Riley M. Duren,      )
20 Peter R. Eisenhardt, Susan      )
   D.J. Foster, Matthew P.         )   FEDERAL DEFENDANTS'
21 Golombek, Faroujan Gorjian,     )   ANSWER TO PLAINTIFFS' FIRST
   Zareh Gorjian, Robert J. Haw,   )   AMENDED COMPLAINT
22 James Kulleck, Sharon L.        )
   Laubach, Christian A.           )
23 Lindensmith, Amanda Mainzer,    )
   Scott Maxwell, Timothy P.       )   Honorable Otis D. Wright II
24 McElrath, Susan Paradise,       )
   Konstantin Penanen, Celeste     )
25 M. Satter, Peter M.B. Shames,   )
   Amy Snyder Hale, William John   )
26 Walker and Paul R. Weissman,    )
                                   )
27              Plaintiffs,        )
                                   )
28        v.                       )
                                   )
   National Aeronautics and        )
   Space Administration, an        )

1  Agency of the United States;  )
   Michael Griffin, Director of  )
2  NASA, in his official         )
   capacity only; Department of  )
3  Commerce; Carlos M.           )
   Gutierrez, Secretary of       )
4  Commerce, in his official     )
   capacity only; California     )
5  Institute of Technology;      )
   and Does 1-100,               )
6                                )
                      Defendants. )
7  _____)

8

9          The National Aeronautics and Space Administration ("NASA"); Michael

10  Griffin, Director of NASA, the U.S. Department of Commerce; and Carlos M.

11  Gutierrez, Secretary of Commerce (collectively, "Federal Defendants"), assert the

12  following defenses to all causes of action asserted against them in Plaintiffs' First

13  Amended Complaint, without assuming the burden of proof on any issue as to

14  which the burden would otherwise rest on Plaintiffs, and reserve the right to assert

15  any other defense that may become available or appear during the proceedings in

16  this case:

17                              **FIRST DEFENSE**

18          Plaintiffs' claims are barred in whole or in part because this Court lacks

19  subject matter jurisdiction.

20                             **SECOND DEFENSE**

21          Plaintiffs have failed to state a claim on which relief can be granted.

22                              **THIRD DEFENSE**

23          The Federal Defendants answer the numbered paragraphs of the Complaint

24  as follows:

25          1.      First sentence:  This sentence states Plaintiffs' vague and subjective

26  characterization of themselves as "leading" scientists and engineers, to which no

27  response is required; to the extent a response is required, the Federal Defendants

28  are without knowledge or information sufficient to form a belief as to the truth of

   the allegations.  *See* Resp. *infra* ¶¶ 3-30.  Second sentence:  Denied, except to

admit that Plaintiffs purport to bring the cause of action as stated therein.  Third, fourth, and fifth sentences:  These sentences state legal conclusions to which no response is required; to the extent a response is required, the allegations are denied. Sixth sentence:  Denied, except to admit that Plaintiffs purport to seek declaratory and injunctive relief as stated therein.

2.      Paragraph 2 states legal conclusions to which no response is required. To the extent a response is required, the Federal Defendants deny the allegations in Paragraph 2.

3.-30.    The Federal Defendants admit that Plaintiffs purport to bring this lawsuit on behalf of themselves and all other similarly situated "non-sensitive" personnel employed by the California Institute of Technology ("Caltech") at the Jet Propulsion Laboratory ("JPL").  The Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 3 through 30.  The Federal Defendants aver that Caltech hires its own employees to perform its contract with NASA at JPL and that NASA does not maintain a roster of Caltech employees working at JPL.

31.     Denied, except to admit that the National Aeronautics and Space Act of 1958 ("the Space Act"), which established NASA, provides that:  "The Congress declares that the general welfare and security of the United States require that adequate provision be made for aeronautical and space activities.  The Congress further declares that such activities shall be the responsibility of, and shall be directed by, a civilian agency exercising control over aeronautical and space activities sponsored by the United States, except that activities peculiar to or primarily associated with the development of weapons systems, military operations, or the defense of the United States (including the research and development necessary to make effective provision for the defense of the United States) shall be the responsibility of, and shall be directed by, the Department of Defense . . . ."  42 U.S.C. § 2451(b).

1    32.    The Federal Defendants admit that Michael Griffin is the director of

2    NASA and that Plaintiffs purport to sue him in his official capacity only.

3    33.    First sentence:  This sentence states Plaintiffs' vague and subjective

4    characterization of Caltech as a "premier" research institution, to which no

5    response is required.  The Federal Defendants admit that Caltech is a nonprofit

6    educational and research institution.  Second sentence:  Denied, except to admit

7    that Caltech is located in Los Angeles County.  Third sentence:  Denied, except to

8    admit that JPL is operated by Caltech; that, *inter alia*, Caltech employees, NASA

9    employees, and various other contractor and subcontractor employees work at JPL;

10   and that Caltech generally establishes its employees' compensation and benefits.

11   Fourth sentence:  Denied.

12   34.    The Federal Defendants admit the allegations in Paragraph 34.

13   35.    The Federal Defendants admit that Carlos M. Gutierrez is Secretary of

14   Commerce and that Plaintiffs purport to sue him in his official capacity only.

15   36.    The Federal Defendants are without knowledge or information

16   sufficient to form a belief as to the truth of the allegations in Paragraph 36.

17   37.    First sentence:  Denied, except to admit that since 1959 Caltech has

18   operated JPL as a Federally Funded Research and Development Center ("FFRDC")

19   pursuant to a written contract with NASA and that "[a]n FFRDC meets some

20   special long-term research or development need which cannot be met as effectively

21   by existing in-house or contractor resources."  48 C.F.R. § 35.017.  Second

22   sentence:  Denied, except to admit that NASA owns JPL's physical facilities.

23   38.    First, second, third, and fifth sentences:  The Federal Defendants are

24   without knowledge or information sufficient to form a belief as to the truth of the

25   allegations.  *See* Resp. *supra* ¶¶ 3-30.  Fourth sentence:  Denied.  Sixth sentence:

26   This sentence states Plaintiffs' characterization of the reason NASA's scientists

27   choose to work for NASA as well as their vague and subjective characterization of

28   those scientists as "top" scientists, to which no response is required.  The

remaining allegations are denied.

39.   Entire paragraph:  The Federal Defendants admit the existence of Homeland Security Presidential Directive 12 ("HSPD-12"), which speaks for itself and to which the Court is referred for a full and accurate statement of its contents. First sentence:  Admitted.  *See* HSPD-12.  Second sentence:  Denied, except to admit that HSPD-12 directed the establishment of "a mandatory, Government-wide standard for secure and reliable forms of identification issued by the Federal Government to its employees and contractors (including contractor employees)." *Id.* ¶ 1.  Third and fourth sentences:  Admitted.  *Id.* ¶¶ 2-3.

40.   Entire paragraph:  The Federal Defendants admit the existence of HSPD-12, which speaks for itself and to which the Court is referred for a full and accurate statement of its contents.  First sentence:  This sentence states legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.  Second sentence:  Denied, except to admit that HSPD-12 provides that "[t]his directive shall be implemented in a manner consistent with the Constitution and applicable laws, including the Privacy Act (5 U.S.C. 552a) and other statues protecting the rights of Americans."  *Id.* ¶ 6.

41.   Entire paragraph:  The Federal Defendants admit the existence of the Federal Information Processing Standards Publication ("FIPS 201") and its revision ("FIPS 201-1"), which speak for themselves and to which the Court is referred for a full and accurate statement of their contents.  First sentence: Admitted.  Second sentence:  Denied, except to admit that FIPS 201-1 was promulgated "pursuant to the Federal Information Security Management Act (FISMA) of 2002" and explains that HSPD-12 "directed the promulgation of a Federal standard for secure and reliable forms of identification for Federal employees and contractors."  FIPS 201-1 at iv.  Third sentence:  Denied, except to admit that FIPS 201-1 states that HSPD-12 established four "control objectives" and that "[e]ach agency's PIV implementation shall meet the four control

1    objectives . . . such that . . . [o]nly an individual with a background investigation on

2    record is issued a credential." *Id.* § 2.1.  Fourth sentence:  This sentence states

3    legal conclusions to which no response is required; to the extent a response is

4    required, the allegations are denied except to admit that FIPS 201-1 states that

5    "[o]nly an individual with a background investigation on record is issued a

6    credential." *Id.*  Fifth sentence:  Denied, except to admit that FIPS 201-1 provides

7    that "[t]he process shall begin with initiation of a National Agency Check with

8    Written Inquires (NACI) or other Office of Personnel Management (OPM) or

9    National Security community investigation required for Federal employment." *Id.*

10   § 2.2.

11        42.    First sentence:  Denied, except to admit that by 2006 NASA had

12   instituted an identification system that required NASA employees and contractor

13   employees to obtain new badges recognized at all NASA centers.  Second

14   sentence:  Denied, except to admit that by 2006 NASA had instituted an

15   identification system that required NASA employees and contractor employees to

16   obtain OneNASA badges, and that, to obtain a OneNASA badge, NASA required

17   Caltech employees working at JPL to provide, *inter alia*, their date and place of

18   birth, social security number, height, weight, and two forms of identification.

19   Third sentence:  Denied, except to admit that the information NASA required for

20   OneNASA badge issuance did not include an express waiver of privacy rights.

21   Fourth sentence:  The Federal Defendants are without knowledge or information

22   sufficient to form a belief as to the truth of the allegations as they relate to

23   Plaintiffs' "objection[s]."  The remaining allegations state legal conclusions to

24   which no response is required; to the extent a response is required, the allegations

25   are denied except to admit that the information NASA required for OneNASA

26   badge issuance did not invade Plaintiffs' privacy rights.

27        43.    Entire paragraph:  The Federal Defendants admit the existence of

28   NASA Interim Directive to NPR-1600.1 ("NID 1600.1"), which speaks for itself

1 and to which the Court is referred for a full and accurate statement of its contents.

2 First and second sentences:  Denied, except to admit that, because the OneNASA

3 badging system did not meet HSPD-12 requirements, on or about May 24, 2007,

4 NASA issued NID 1600.1, establishing an "Agency-wide policy for the creation

5 and issuance of federal credentials at NASA" in accordance with the Space Act,

6 FIPS 201-1, and HSPD-12.  *See* NID 1600.1 §§ 2, 4.  Third sentence:  Denied,

7 except to admit that, under NID 1600.1, "[b]adges are issued to all individuals who

8 require physical or logical access to designated NASA resources for a period of

9 greater than 179 days," *id.* § 6.2.1, and that an HSPD-12 compliant badge may be

10 referred to as a "PIV" or "PIV II" badge.  Fourth sentence:  The Federal

11 Defendants admit that Exhibit J to Plaintiffs' Motion for Preliminary Injunction

12 reflects that on March 28, 2007, Jerry W. Suitor (Caltech) sent an email to a

13 distribution list entitled "All Personnel" informing recipients that "[a] background

14 investigation is part of the requirements for the PIV-II credential"; and admit that

15 Exhibit N to Plaintiffs' Motion for Preliminary Injunction reflects a Caltech

16 presentation, one slide of which states that "[t]he Risk Designation Process is

17 designed to . . . [d]etermine the degree of background investigation required for a

18 position . . . ."  Defendants are without knowledge or information sufficient to form

19 a belief as to the truth of the remaining allegations.

20      44.   Entire paragraph:  The Federal Defendants admit the existence of

21 NASA Procedural Requirements 1600.1 ("NPR 1600.1") which speaks for itself

22 and to which the Court is referred for a full and accurate statement of its contents.

23 First sentence:  Denied, except to admit that, under NPR 1600.1, "[t]he contract

24 security risk level designations shall be made by the NASA Center program office

25 representative . . ., in coordination with the CCS, appropriate IT Security

26 Manager(s), and contractor HR Offices," NPR 1600.1 § 4.4.2, and that the risk

27 level designations for Caltech employees working at JPL were made in accordance

28 with the procedures outlined in NPR 1600.1.  Second sentence:  Denied, except to

admit that, under NPR 1600.1, the security risk level designations are either high, moderate, or low, *id.* § 4.4.1; that "[t]he security risk level is determined by evaluating the sensitivity and risk of the work being performed and accesses required by the contractor and the potential for damage to NASA's mission and operations if performed inefficiently, ineffectively, or in an unsafe or unethical manner," *id.* § 4.4.3; and that the risk level determinations for Caltech employees were made in accordance with the procedures outlined in NPR 1600.1.  Third sentence:  Denied, except to admit that Caltech employees working at JPL and designated as low-risk are required, at a minimum, to have completed the SF 85 (or its equivalent) and to have submitted to the NACI (or its equivalent), in order to obtain badges.  *Id.* § 4.8.  Fourth sentence:  Denied, except to admit that NPR 1600.1 defines "low risk" positions, in part, as follows:

> **Low Risk** positions involve duties with limited relations to the Agency and its programs and operations and which have little affect on the efficiency of the Agency's programs and operations.  . . . .,

*id.* § 4.5.6.c., and, with respect to Information Technology (IT) Resources Positions, as follows:

> **Low Risk or 1C** positions are all IT system positions that do not fall in the categories above and includes all non-sensitive positions and all other positions involving IT Systems whose misuse has limited potential for adverse impact or sensitive data is protected with password and encryption,

*id.* § 4.5.6.d.(1).(b).(3).  Fifth sentence:  Denied, except to admit that Caltech employees working at JPL and designated as moderate-risk or high-risk are required, at a minimum, to have completed the SF 85P (or its equivalent) and to have submitted to the NACI (or its equivalent) in order to obtain badges.  *Id.* § 4.8.

45.    The Federal Defendants deny that NASA informed Plaintiffs of their risk level designation.  The Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45, insofar as NASA does not maintain a roster of Caltech employees and is therefore unable to confirm that all Plaintiffs have been informed of their risk level designation.  *See* Resp. *supra* ¶¶ 3-30.

1     46.    The Federal Defendants admit that Exhibit S to Plaintiffs' Motion for

2  Preliminary Injunction, which reflects that on June 12, 2007, a memorandum from

3  Eugene L. Tattini (Caltech) was sent by email to a distribution list entitled "All

4  Personnel," and that the memo suggested that 98 percent of JPL employees were

5  required to complete the SF 85 instead of the SF 85P.  The Federal Defendants are

6  without knowledge or information sufficient to form a belief as to the truth of the

7  remaining allegations in Paragraph 46.

8     47.    Entire paragraph:  The Federal Defendants admit the existence of SF

9  85, which speaks for itself and to which the Court is referred for a full and accurate

10  statement of its contents.  First sentence:  The Federal Defendants are without

11  knowledge or information sufficient to form a belief as to the truth of the

12  allegations as they relate to Plaintiffs' "objection[s]."  The remaining allegations

13  are denied except to admit that the SF 85 requests the name, date of birth, place of

14  birth, and social security number of the individual completing the form.  Second

15  sentence:  This sentence states legal conclusions to which no response is required;

16  to the extent a response is required, the allegations are denied except to admit that

17  the SF 85 requests employment and residential history for the past five years,

18  educational history, the names of three individuals who know the individual

19  completing the form well, and a statement regarding illegal drug use in the past

20  year.  Third sentence:  The Federal Defendants admit that Plaintiffs purport to

21  attach a copy of SF 85 as Exhibit 1 to their First Amended Complaint.

22     48.    The Federal Defendants admit the existence of SF 85, which speaks

23  for itself and to which the Court is referred for a full and accurate statement of its

24  contents.  The remaining allegations in Paragraph 48 are denied except to admit

25  that, to obtain their badges, Caltech employees working at JPL and designated as

26  low-risk must have signed the "Authorization for Release of Information" in the SF

27  85, which speaks for itself and to which the Court is referred for a full and accurate

28  statement of its contents, or its equivalent.

49.     The Federal Defendants admit that Exhibit S to Plaintiffs' Motion for Preliminary Injunction suggests that, on June 12, 2007, a memorandum from Eugene L. Tattini (Caltech) was sent by email to a distribution list entitled "All Personnel" informing recipients that "[s]ome individuals have expressed a concern about the general nature of the Authorization for Release of Information form. After discussions with NASA and the Office of Personnel Management (OPM), and reconfirmed by the Administrator, this form must be signed without any modification or alteration."  The Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49.

50.     First sentence:  Denied, except to admit that, to obtain their badges, Caltech employees working at JPL and designated as low-risk are required, at a minimum, to have submitted to the NACI or its equivalent.  Second and third sentences:  The Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. *See* Resp. *supra* ¶¶ 3-30.

51.     First sentence:  Denied, except to admit that, to obtain their badges, Caltech employees working at JPL and designated as low-risk are required, at a minimum, to have completed the SF 85, which speaks for itself and to which the Court is referred for a full and accurate statement of its contents, or its equivalent; and that the SF 85 requests educational and residential history for the past five years and the names of three individuals who know the individual completing the form well.  Second sentence:  Denied, except to admit that the Office of Personnel Management ("OPM") may send an Investigative Request for Personal Information (Form 42), which speaks for itself and to which the Court is referred for a full and accurate statement of its contents, to some or all of the individuals listed in the SF 85 by the individual who has completed the SF 85.  Third sentence:  The Federal Defendants admit that Plaintiffs purport to attach a copy of Form 42 as

1   Exhibit 2 to their First Amended Complaint.

2       52.   First sentence:  Denied, except to admit the existence of NID 1600.1,

3   which speaks for itself and to which the Court is referred for a full and accurate

4   statement of its contents.  Second sentence:  The Federal Defendants admit that

5   Exhibit N to Plaintiffs' Motion for Preliminary Injunction reflects a Caltech

6   presentation, one slide of which is entitled "Adjudication" and which states

7   "[p]erformed by a Federal employee," "[n]egative outcome would prevent

8   individual from access to a Federal facility," and "[r]esults are not shared with

9   JPL."  The Federal Defendants are without knowledge or information sufficient to

10  form a belief as to the truth of the remaining allegations.

11      53.   Any allegations relating to the "chart" alleged in Paragraph 53 have

12  been held not ripe for review by this Court, and therefore no response is required.

13      54.   First sentence:  The Federal Defendants admit that Exhibit S to

14  Plaintiffs' Motion for Preliminary Injunction suggests that, on June 12, 2007, a

15  memorandum from Eugene L. Tattini (Caltech) was sent by email to a distribution

16  list entitled "All Personnel" informing recipients that "no employee is to be

17  admitted to JPL facilities without a new badge after October 27, 2007."  The

18  Federal Defendants are without knowledge or information sufficient to form a

19  belief as to the truth of the remaining allegations.  Second sentence:  The Federal

20  Defendants admit that Exhibit S to Plaintiffs' Motion for Preliminary Injunction

21  suggests that, on June 12, 2007, a memorandum from Eugene L. Tattini (Caltech)

22  was sent by email to a distribution list entitled "All Personnel" informing

23  recipients that "the last group to start badge initiation will be on September 28,

24  2007.  After that date, we will not be able to process badge requests in time to issue

25  them by the October 27, 2007 date.  To be badge eligible, your application for

26  background investigation (SF85 for 98% of JPL employees and SF85P for

27  remaining 2%) including your fingerprints must have been accepted by OPM.

28  Therefore, any employee who delays responding when notified, and, as a result,

1   who is not at a minimum badge eligible by October 27, 2007, will not be allowed
2   to enter JPL and be placed on unpaid leave until the employee successfully
3   completes their application for background investigation including fingerprints and
4   signing the necessary release forms." The Federal Defendants are without
5   knowledge or information sufficient to form a belief as to the truth of the
6   remaining allegations.

7       55.     The Federal Defendants are without knowledge or information
8   sufficient to form a belief as to the truth of the allegations in Paragraph 55.

9       56.     First and sixth sentences: The allegations in these sentences relate
10  solely to Caltech; because Caltech has been dismissed as a Defendant in this
11  lawsuit, no response is required. Second sentence: Denied, except to admit that, at
12  their option, the Caltech employees could either provide their completed forms
13  directly to the government or provide their forms to Caltech for completeness
14  review prior to submission to the government. Third, fourth, and fifth sentences:
15  The Federal Defendants are without knowledge or information sufficient to form a
16  belief as to the truth of the allegations.

17      57.     First sentence: This sentence states legal conclusions to which no
18  response is required; to the extent a response is required, the allegations are denied.
19  Second and third sentences: Denied. Fourth sentence: The Federal Defendants
20  are without knowledge or information sufficient to form a belief as to the truth of
21  the allegations as they relate to Plaintiffs' conception of the value of their jobs. In
22  addition, the statement that JPL is the "premier" institution for exploration of space
23  is Plaintiffs' vague and subjective characterization, to which no response is
24  required. The remaining allegations are denied.

25      58.     The allegations in Paragraph 58 state legal conclusions to which no
26  response is required. To the extent a response is required, the Federal Defendants
27  deny the allegations in Paragraph 58.

28      59.     First sentence: Denied. Second and third sentences: The Federal

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

60.    The Federal Defendants incorporate each of their previous responses corresponding to Paragraphs 1 through 59 of the Complaint as if fully set forth herein.

61.    First sentence:  The Federal Defendants admit that Plaintiffs purport to bring this action individually and on behalf of all Caltech employees who work at JPL in "non-sensitive" positions.  Second sentence:  Denied, except to admit that approximately 5,800 Caltech employees work at JPL.

62.    Paragraph 62 states legal conclusions to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations in Paragraph 62.

63.    Paragraph 63 states legal conclusions to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations in Paragraph 63.

64.    Paragraph 64 states legal conclusions to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations in Paragraph 64.

65.    Paragraph 65 states legal conclusions to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations in Paragraph 65.

66.    Paragraph 66 states legal conclusions to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations in Paragraph 66.

67.-69.    The allegations in Paragraphs 67 through 69 relate solely to Plaintiffs' Fourth Amendment claims.  Because these claims have been dismissed, no response is required.

70.    The Federal Defendants incorporate each of their previous responses

corresponding to Paragraphs 1 through 69 of the Complaint as if fully set forth herein.

71.     Paragraph 71 states legal conclusions to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations in Paragraph 71.

72.     Paragraph 72 states legal conclusions to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations in Paragraph 72.

73.-75.   The allegations in Paragraphs 73 through 75 relate solely to Plaintiffs' Fifth Amendment claims.  Because these claims have been dismissed, no response is required.

76.     The Federal Defendants incorporate each of their previous responses corresponding to Paragraphs 1 through 75 of the Complaint as if fully set forth herein.

77.     Paragraph 77 states legal conclusions to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations in Paragraph 77.

78.     Paragraph 78 states legal conclusions to which no response is required.  To the extent a response is required, the Federal Defendants deny the allegations in Paragraph 78.

79.-81.   The allegations in Paragraphs 79 through 81 relate solely to Plaintiffs' claims under the California Constitution.  Because these claims have been dismissed, no response is required.

82.     The Federal Defendants incorporate each of their previous responses corresponding to Paragraphs 1 through 81 of the Complaint as if fully set forth herein.

83.     Paragraph 83 states legal conclusions to which no response is required.  To the extent a response is required, the Federal Defendants deny the

1    allegations in Paragraph 83.

2         84.    Paragraph 84 states legal conclusions to which no response is

3    required.  To the extent a response is required, the Federal Defendants deny the

4    allegations in Paragraph 84.

5         The Federal Defendants deny each and every allegation of the Complaint,

6    including each and every request for relief, not specifically admitted in this

7    Answer.

8                    **FEDERAL DEFENDANTS' PRAYER FOR RELIEF**

9         WHEREFORE, the Federal Defendants respectfully request that the Court

10   dismiss Plaintiffs' First Amended Complaint with prejudice and award such further

11   relief as the Court may deem just and proper.

12   DATED:    February 7, 2008

13                                   Respectfully submitted,

14                                   JEFFREY S. BUCHOLTZ
                                     Acting Assistant Attorney General
15
                                     GEORGE S. CARDONA
16                                   Acting United States Attorney

17                                   SUSAN K. RUDY
                                     Assistant Branch Director
18
                                     s/ Vesper Mei
19                                   VESPER MEI (DC Bar 455778)
                                     WENDY M. ERTMER
20                                   JAMES C. LUH
                                     Trial Attorneys
21                                   United States Department of Justice
                                     Civil Division
22                                   Federal Programs Branch
                                     P.O. Box 883 – Rm 7316
23                                   Washington, DC 20044
                                     Telephone:  (202) 514-4686
24                                   Facsimile:  (202) 616-8470
                                     vesper.mei@usdoj.gov
25
                                     Attorneys for Federal Defendants
26

27

28